```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL       :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.           :

    v.                         :    Civil Action No. DKC 09-0309

                               :
C & R FIRE PROTECTION, INC.
                               :
```

**MEMORANDUM OPINION**

Pending before the court is Plaintiffs' motion for default judgment (paper 6). Defendant has not responded to Plaintiffs' motion for default judgment. Entry of default judgment is left to the discretion of the court. *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* at 494-95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party. *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.Cir. 1980). Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422.

The complaint seeks liquidated damages and interest on late-paid contributions for the months of February, 2008, through August, 2008, and contributions and damages for the months of

September, 2008, through December 2008. Additionally, the complaint seeks contributions and damages in the amount of $22,549.20 which Plaintiffs allege was found owing following an audit of Defendant's records performed by Plaintiffs' auditor covering the period January, 2007 through June 2008.

Plaintiffs' motion for default judgment requests contributions and damages for the months of September, 2008, through May, 2009. Plaintiffs' motion seeks the entry of judgment by default for sums not sought in the initial complaint and will only be granted in part.  Fed. R. Civ. P. 54(c) provides in part that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Although there are circumstances where the result is different,

> When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages.  See, e.g., Compton v. Alton Steamship Co., 608 F.2d 96, 104 (4th Cir.1979); Producers Equip. Sales, Inc. v. Thomason, 15 Kan.App.2d 393, 808 P.2d 881, 886 (Kan.Ct.App.1991).  A default judgment cannot be greater than the specific amount sought because the defendant could not reasonably have expected that his damages would exceed that amount.

*In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).  Here, the complaint seeks damages for the months of September, 2008 through December, 2008, in the estimated amount of $80,654 for contributions and liquidated damages, plus costs, interest, and attorneys' fees.  Although the complaint also seeks

2

damages "which become due subsequent to the filing of this action," the court declines to award damages that were not specified in the complaint. Furthermore, Plaintiffs recite that Defendant has already paid some of the amounts originally sought. Accordingly, judgment will be entered only for the remaining sums due based on the initial complaint, reduced by the sums already paid.

    For the foregoing reasons, Plaintiffs' motion for default judgment will be granted in part and denied in part. A separate Order will follow.

                                                                                            /s/
                                                DEBORAH K. CHASANOW
                                                United States District Judge